IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JESSICA LYNN TILLERY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 1:06-cv-1046-TFM |
| | ) [wo] |
| MICHAEL ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for supplemental security income under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381 *et seq.*, Jessica Lynn Tillery ("Tillery") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision. When the Appeals Council rejected review, the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited. The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II. ADMINISTRATIVE FINDINGS

Tillery, age 22 at the time of the hearing, has a ninth grade education. Tillery's past work experience includes employment as a telemarketer. She has not engaged in substantial gainful work activity since the alleged onset date of September 1, 2003. Her application for

benefits under the Act cited multiple sclerosis as the reason for her disability. The ALJ found Tillery was severely impaired by obesity and history of multiple sclerosis. The ALJ concluded Tillery did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Appendix 1. The ALJ found Tillery's allegations of her alleged impairments were not totally credible, and that she retained the residual functional capacity ("RFC") to lift and/or carry no more than 10 pounds, and could perform the full range of sedentary work. The ALJ elected not to make a finding as to whether Tillery could perform her past relevant work as a telemarketer, and instead proceeded to the next step in the sequential evaluation. The ALJ consulted the Medical-Vocational Guidelines to determine Tillery was not disabled in light of her ability to perform the full range of sedentary work. Accordingly, the ALJ concluded Tillery is not disabled.[1]

### III.  ISSUES

Tillery specifies four issues for this judicial review:[2]

1. The ALJ failed to articulate adequate reasons for discrediting a treating physician's opinion that Tillery is significantly more limited than determined by the ALJ.

---

[1] R. 22-23. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] *See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #16, filed March 19, 2007) *and* Order filed November 27, 2006 (Doc. #4) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

2.   The ALJ erred in failing to determine the effect of Tillery's physically observable tremor on her ability to perform the manipulative requirements of work.

3.   The ALJ erred in failing to credit Tillery's chronic leg pain and in failing to note problems demonstrated through testing.

4.   The Commissioner erroneously determined Tillery did not suffer from a severe mental impairment and failed to articulate adequate reasons for discrediting the opinions of his own state agency psychologists and the opinion of his own examining medical expert.

## IV.  DISCUSSION

### A.   The ALJ articulated adequate reasons for discrediting a treating physician's opinion.

Tillery contends the ALJ failed to adequately explain why he discredited an opinion by Dr. John M. Blough. Dr. Blough prepared the checklist-type document at issue to support Tillery's exemption from county job search requirements.[3] The form lists multiple sclerosis and chronic leg pain as Tillery's principal diagnoses, and boxes checked by Dr. Blough indicate Tillery was unlikely to ever again perform gainful employment.[4] Tillery argues Dr. Blough was one in a group of physicians at the Newton Family Health Care Center who treated her, and his opinion should have been credited as one from a treating physician. Alternatively, she argues, Dr. Blough should have been accorded credit as an examining physician. The Commissioner responds the ALJ did not err in discrediting Dr. Blough's evaluation.

---

[3] R. at 216-17.

[4] R. at 216.

A treating physician's opinion "must be given substantial or considerable weight unless 'good cause' is shown to the contrary.'" *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004), citing *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). "Good cause" is present where the "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id.* at 1241, citing *Lewis.* When assessing medical evidence, an "ALJ [is] required to state with particularity the weight [given] the different medical opinions and the reasons therefor." *Sharfarz v. Bowen,* 825 F.2d 278, 279 (11th Cir.1987) (per curiam). Social security regulations require an ALJ evaluating medical opinion evidence to consider a variety of factors, including the examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question. *See* 20 C.F.R. § 404.1527(d)(1)-(6). "The weighing of evidence is a function of the factfinder, not of the district court. The question is not whether substantial evidence supports a finding made by the district court but whether substantial evidence supports a finding made by the Secretary." *Graham v. Bowen,* 790 F.2d 1572, 1575 (11th Cir. 1986).

The ALJ rejected Dr. Blough's evaluation by first characterizing it as a "statement of incapacitating condition," which was intended as an excuse for a job search program.[5] The ALJ continued to explain there were no records or examination results to support the

---

[5] R. at 20.

conclusion, and the statement was therefore "only an undocumented opinion."[6]  Tillery argues the ALJ did not give  Dr. Blough the deference due him as a treating physician, although the record shows he was clearly presented as one of Tillery's "primary care physicians" during the administrative hearing.[7]  Whether Dr. Blough was considered a treating or examining physician, his opinion was not supported by objective medical findings, or detail any  physical problems as could be expected in a medical report.  His opinion was therefore "conclusory," and fell within the type of opinion which may be discounted by the ALJ, regardless of the treating relationship. *Phillips, id.*  Further, Dr. Blough opined Tillery was unlikely to engage in gainful employment. The likelihood Tillery might work in the future constitutes a legal conclusion by Dr. Blough, as opposed to an objective medical finding to be weighed in a disability determination. *Lewis,* 125 F.3d. at 1440.

The court finds the ALJ did not err in his treatment of Dr. Blough's opinion regarding Tillery's inability to engage in gainful employment, and substantial evidence in the record supports his decision.

**B.     The ALJ correctly evaluated the effect of Tillery's tremors on her ability to perform the manipulative requirements of work.**

Tillery argues the ALJ erred by failing to credit evidence and testimony of her

---

[6]R. at 20.

[7]R. at 270.

tremors, and further failed to consider their effect on her ability to perform work. She argues a remand is required because the tremors were not evaluated as a factor in her ability to work, and the ALJ should, at that point, meaningfully analyze Tillery's tremors as a part of the RFC determination. The Commissioner responds the ALJ considered all of Tillery's credible symptoms and limitations when determining her residual functional capacity.

The ALJ acknowledged the medical reports of Tillery's tremors, and her own testimony to the same.[8] Dr. David Davis noted the upper-extremity "action" tremors, and believed the tremors were caused by anxiety.[9] Tillery told the ALJ that both hands shake and sometimes interfered with dressing or writing.[10] The ALJ found Tillery's statements "concerning the intensity, duration and limiting effects" of her symptoms were not entirely credible.[11] This conclusion was based on the ALJ's review of objective findings in the record and conservative treatment plan for Tillery.[12] *See Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (approving ALJ's review of plaintiff's prescribed medications to help determine severity of pain, and consistency with allegations).

Tillery argues her tremors are nonexertional impairments directly attributable to multiple sclerosis, but does not identify any record cite to support her position as to their

---

[8]R. at 19, 20.

[9]R. at 153, 192.

[10]R. at 280.

[11]R. at 20.

[12]R. at 20.

origin, or their classification as an impairment.[13] The five-step sequential analysis set forth in regulations require that a claimant prove that he is disabled. *See* 20 C.F.R. §§ 404.1512, 416.912; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 1999). Tillery's challenge to the ALJ's RFC finding is unique because the only evidence in the record finding her unable to work - for any reason - was the conclusory opinion of Dr. Blough, discussed above. Thus, Tillery has failed to establish that her tremors are an actual impairment, and she cannot establish disability based on that condition. She has failed to meet her burden of proof, and the ALJ cannot have erred by failing to evaluate a condition which has not been classified as an "impairment."

Thus, the court finds that the ALJ did not err in its evaluation of Tillery's tremors and her ability to perform a full range of sedentary work.

### C.     The ALJ correctly evaluated Tillery's allegations of chronic leg pain.

Tillery argues the ALJ erred by failing to credit her chronic leg pain and the effect of that pain on her ability to work. The Commissioner responds the ALJ correctly evaluated the condition. Tillery likens this issue to that concerning her tremors, discussed above, wherein she contends the ALJ did not credit the symptoms presented. Indeed, like the tremors, Tillery's leg pain is documented by the record, but no medical professional has described the condition as an actual impairment.

Neurophysiological tests of Tillery's leg were ordered by Dr. Davis after she

---

[13]Pl. Br. at 11.

complained of pain in her right leg, with the stated purpose of determining whether neuropathy was developing, or if leg sensations were traveling appropriately.[14] Tillery cites a neurophysiology report, signed by Dr. Davis and dated February 8, 2005, which states results "suggest some problem with the central pathways originating in the right posterior tibial nerve."[15] However, Dr. Davis concluded in another report, also dated February 8, 2005, that the electrodiagnostic study did not present "evidence to suggest significant neuropathy" of the leg.[16] Tillery considers the two exhibits incongruous, when in fact they are to be read in tandem. Dr. Davis obviously read and signed the lab tests and evaluation on the same day. The results of these tests did not prompt any new treatment or regimen for either pain or numbness, and it was therefore reasonable for the ALJ to find "no escalation or intensification of treatment which would be expected if the claimant is suffering as alleged."[17] Finally, more recent treatment notes about Tillery's leg pain show medications control her leg pain.[18]

Tillery cannot sustain her argument that the ALJ erred in his evaluation of the record. As with the tremors, above, she does not identify any record cite to support her position that

---

[14] R. at 191.

[15] R. at 195.

[16] R. at 193.

[17] R. at 20.

[18] R. at 221.

the condition was an actual impairment.[19] The ALJ did not deny the existence of the condition, but disputed Tillery's credibility as to the severity of the symptoms. Tillery did not prove a disability due to leg pain. *See* 20 C.F.R. §§ 404.1512, 416.912; *Moore*, 405 F.3d at 1208. Thus, the ALJ did not err as Tillery was unable to establish the pain as an impairment, or basis for disability under the controlling regulations. The court finds that the ALJ did not err in the evaluation of Tillery's leg pain and her ability to perform a full range of sedentary work.

### D.     **The ALJ did not err by finding Tillery did not suffer from a severe mental impairment.**

Tillery's final argument is the ALJ erred by failing to find she did not suffer from a severe mental impairment. In particular, she asserts the ALJ should not have discredited the opinions of the state agency psychologists and the opinion of the Commissioner's examining medical expert. The Commissioner responds the record contains substantial evidence for the ALJ to find a non-severe mental impairment.

The ALJ decision recounted the mental health opinions as to Tillery's mental condition. Dr. Doug McKeown, Ph.D., under contract with the Disability Determinations Agency, diagnosed Tillery as having major depression with a fair prognosis.[20] Dr. Fernando

---

[19] Pl. Br. at 11-12.

[20] R. at 17, 157.

Lopez, Tillery's treating psychiatrist, found her to be mildly depressed and anxious.[21] The reviewing state agency psychologists found a severe mental impairment.[22] The ALJ specifically found this last opinion was inconsistent with the medical evidence of record, given Tillery's performance of daily activities, in which she was primarily hindered by her physical limitations and inability to lift.[23] Further, the ALJ found the opinion of the state agency psychologists incongruous with the opinion of Dr. Lopez, a treating physician, who found Tillery was doing well and only mildly depressed.[24]

The ALJ did not err in his consideration of the opinions from state agency psychological consultants. *See* 20 C.F.R. § 404.1527(f)(2)(I) (An ALJ "must consider findings of [non-examining] State agency medical and psychological consultants . . . as opinion evidence, except for the ultimate determination" regarding disability.) Contrary to Tillery's assertions, the Commissioner is not bound by the findings of a physician who conducted an examination at the behest of a State agency. See *Buck v. Barnhart*, 238 F.Supp.2d 1255, 1270-71 (D. Kan. 2002).[25] Rather, Dr. Lopez's treating opinion was accorded greater weight due to its consistency with the record. *See Phillips, id*. at 1240; *see*

---

[21]R. at 17-18, 211.

[22]R. at 18, 174.

[23]R. at 18.

[24]R. at 18.

[25]The ruling in *Buck* is grounded in the text of SSR 96-6p. That ruling provides: Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions.

*also* 20 C.F.R. § 404.1527(d)(1)-(6) (instructing the ALJ to consider examining and treatment relationships, the specialization of the person giving the opinion, and how well the record supports the opinion in question).

Tillery argues the ALJ reached his decision finding her mentally unimpaired by picking and choosing the reports to ground his opinion.[26] The court reminds Tillery judicial review of the ALJ decision is limited, and it must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the correct legal standards were applied." *Kelley*, 185 F. 3d at 1213. Here, the ALJ plainly gave greater weight to Dr. Lopez's treating opinion and Tillery's own testimony that she cared for her children, maintained a home, and shopped for groceries with occasional assistance from her family.[27] The court cannot find error in the ALJ's determination Tillery did not have a severe mental impairment.

## V. CONCLUSION

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgment is entered herewith.

Done this 2nd day of July, 2007.

---

[26] Pl. Br. at 14.

[27] R. at 211, 271-74.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE